Charles D. STEIN,

v.

FOAMEX INTERNATIONAL, INC., et al.

No. 00–2356.

United States District Court,
E.D. Pennsylvania.

Aug. 21, 2001.

Janice V. Quimby-Fox, John M. Armstrong, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for Plaintiff.

Gayle G. Gowen, Philadelphia, PA, Glen R. Stuart, Morgan, Lewis & Bockius, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

KELLY, District Judge.

The Defendants, Foamex International, Inc., Foamex L.P., Foamex Carpet Cushion, Inc., Trace International Holdings, Inc., General Felt Industries, Inc., GFI–Foamex and Marshall S. Cogan (collectively referred to as the "Defendants"), filed a Motion to Compel in this case. The Court granted that Motion, and ordered the Plaintiff, Charles D. Stein ("Stein"), to produce the requested documents and, pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), to pay to the Defendants their reasonable fees. Counsel for the Defendants filed a Declaration of Costs, which listed the hourly rates attorneys Gayle Gowen ("Gowen") and Glen Stuart ("Stuart"), as well as the number of hours they worked in connection with the Defendants' Motion to Compel. Stein filed formal Objections to that Declaration of Costs.

### I. STANDARD OF REVIEW

When a party seeks attorneys' fees, that party bears the burden of proving that the request is reasonable. *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990). Once it does, a court cannot reduce the fee amount sua sponte. *Bell v. United Princeton Properties,* 884 F.2d 713, 719–20 (3d Cir. 1989). If the party opposing the fee request objects with specificity, however, the Court "has a great deal of discretion to adjust the fee award in light of those objections." *Rode,* 892 F.2d at 1183. (*citing Bell,* 884 F.2d at 721).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933. The result, known as the "lodestar," is presumed to represent a reasonable award of attorney's fees. *Id.* "[A] reasonable hourly rate is calculated according to the prevailing market rates in the community." *Smith v. Philadelphia Hous. Auth.,* 107 F.3d 223, 225 (3d Cir.1997). A party is entitled to compensation for work that is "useful and of a type ordinarily necessary to secure the final result obtained." *Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 561, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

### II. DISCUSSION

In the instant case, counsel for Stein objected with specificity, but only with regard to the number of hours billed by counsel for

the Defendants. Accordingly, the Court will accept that the hourly rates billed by Gowen and Stuart, $195.00 and $360.00 per hour, respectively, were reasonable in relation to the prevailing market rates in the local community. The Court must, however, scrutinize the number of hours they billed for their work. Counsel for the Defendants charged the Defendants fees for four separate documents: (1) a May 21, 2001 letter requesting production of the documents, for which counsel billed $375.00;[1] (2) a June 5 letter seeking production of the documents and threatening Stein with the filing of a motion to compel, for which counsel billed $375.00;[2] (3) the Defendants' Motion to Compel, for which counsel billed $2,655.00; and (4) the Defendants' Reply to Stein's Response to that Motion, for which counsel billed $2,083.50. The Court will discuss each document in turn.

## A. The May 21 Letter

■ The Court finds that counsel for the Defendants spent a reasonable amount of time in drafting the May 21 letter. Although Stein correctly points out that the letter is only two paragraphs long, it is often the case that it takes more time to create a document than it would take simply to type or dictate it. For example, in this case, counsel for the Defendants necessarily had to: (1) review the file of this case to determine whether counsel for Stein had responded to their letter of May 2, 2001; (2) review the file to determine whether Stein had already produced the requested documents; (3) review the relevant procedural rules to ascertain whether they could, as threatened, file a motion to compel; and (4) draft and edit the letter itself. To simply send the letter without first researching these items would be a breach of the duties imposed on counsel in these matters. To expect litigants to spend only one half-hour's worth of work on docu-

ments such as this, as Stein suggests, would be to encourage the creation of sloppy work product. *Cf.* Pl.'s Objections to Defs.' Decl. of Costs ¶ 11. Given the complexities of the instant case, and the responsibility of parties to research matters fully before threatening their opponents with the filing of a motion to compel, the few hours spent generating this letter were not unreasonable. Counsel for the Defendants could properly bill their clients $375.00 for that work.

## B. The June 5 Letter

■ The amount of time spent generating the June 5 letter was unreasonably high but not, as Stein suggests, "unconscionable." *Id.* ¶ 8. Though this letter is only one paragraph long, it is not a mere copy of the May 21 letter. Specifically, this letter properly recounts counsels' many attempts to secure the production of the requested documents before writing the letter; this would have involved taking time to review their files and records, as well as time to make certain that Stein had not produced the requested documents since counsel sent the May 21 letter. The June 5 letter does not, however, reflect that counsel for the Defendants conducted any new legal research after drafting the May 21 letter. Accordingly, the Court finds that one-quarter hour of Stuart's time, and two-thirds of an hour of Gowen's time, is a reasonable amount of time to spend on this letter. Given their hourly rates, counsel for the Defendants could reasonably have charged $220.00 for this letter.

## C. The Defendants' Motion to Compel

■ The hours spent on the Motion to Compel were unreasonable, but not very much so. Stein correctly notes that neither the Motion nor the Memorandum in Support cite legal authority,[3] and that the Motion

---

1. The Declaration of Costs stated that Gowen billed one hour and Stuart billed one-half hour on this document. By the Court's math, this resulted in a total bill of $375.00. Stein believes that counsel for the Defendants seek $555.00 in connection with this document. Pl.'s Objections to Defs.' Decl. of Costs ¶ 7. That number would be correct if Stuart had worked an entire hour on drafting the letter. Because he only worked

one-half hour on the letter, however, Stein's statement is incorrect.

2. See *supra* note 1.

3. Although the all motions are supposed to be accompanied by legal authority, certain motions to compel can be filed without an accompanying brief and can even be granted summarily by the court without waiting for a response from the

does not significantly expand on matters already dealt with in either of the letters previously discussed. Nevertheless, drafting a formal motion to be filed with court takes some time and requires attention to detail that letters to opposing counsel typically do not. Given the quality of the work product this Court often sees, it is reluctant to tell parties to spend less time drafting their motions and briefs. Indeed, many litigants would be better served by spending more time researching, drafting and editing their work. In this particular case, based on the matters raised in the Motion and the time it should have taken to draft and edit it, the Court finds that five hours of Gowen's time and two hours of Stuart's time would have been reasonable. Based on their hourly rates, the creation of this Motion reasonably would have cost $1,695.00.

### D. The Defendants' Reply

Although the Defendants' Reply is relatively short, it does evidence new research done by counsel for Defendants. Specifically, Gowen and Stuart had to read Stein's Response, evaluate the assertions made therein, and address Stein's argument, among others, that the Motion to Compel should be denied because the original discovery requests had been informal. Still, a reasonable amount of time would be one slightly less than that billed by counsel for the Defendants. Accordingly, the Court finds that four hours of Gowen's time and one hour of Stuart's time would have been reasonable for the generation of the Defendants' Reply, and therefore could reasonably have billed $1,140.00 for that work.

### E. Conclusion

Based on the total amount of hours worked by counsel for the Defendants, and after exercising the discretion the Court enjoys in these matters, the Court finds that counsel for the Defendants reasonably could have billed their clients $3,430.00 for the

work done in connection with their Motion to Compel. The Court will therefore Order Stein to pay that amount to the Defendants, unless either party formally requests a hearing to discuss this matter further.

---

other party. *Compare* E.D. Pa. R. Civ. P. 7.1(c) ("Every motion not certified as uncontested ... shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion."), *with* E.D. Pa. R. Civ. P. 26.1(g) ("A routine motion to ... compel compliance with a request for production ..., wherein it is averred that no response or objection has been timely served, need have no accompanying brief.... The Court may summarily grant or deny such motion without waiting for a response.").