NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2448

_____

L.J., a minor, individually and by his parents, V.J. and Z.J.,

Appellants,

v.

AUDUBON BOARD OF EDUCATION

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 06-cv-5350)
District Judge: Honorable Jerome B. Simandle

_____

Submitted Under Third Circuit LAR 34.1(a)
January 26, 2010

Before:  FISHER and FUENTES, *Circuit Judges*, and KANE*, *Chief District Judge.*

(Filed: April 9, 2010)

_____

OPINION OF THE COURT

_____

_____

    *Honorable Yvette Kane, Chief Judge of the United States District Court for the
Middle District of Pennsylvania, sitting by designation.

KANE, *Chief District Judge*.

V.J. and Z.J., individually and on behalf of their son L.J. (hereinafter collectively "L.J."), appeal from the final order of the District Court awarding them attorney's fees in the amount of $44,946. L.J. contends that the District Court erred as a matter of law in disregarding the requested hourly rate of $400 and instead calculating the attorney's fee award based on the hourly rate of $250. We affirm because we conclude that the District Court applied the correct legal standard and did not abuse its discretion in finding that $250 is a reasonable hourly rate.

## I.     Factual and Procedural Background

Because we write for the parties, we reproduce only those facts pertinent to the narrow issue of whether the District Court properly determined the hourly rate for the work L.J.'s attorney, Jamie Epstein, performed on the case.

L.J. is a minor student within the Audubon School District ("Audubon"). L.J. has been diagnosed as autistic and receives special education and related services from Audubon. On July 10, 2006, L.J. filed an administrative suit alleging that the individualized education program ("IEP") prepared by Audubon for the 2005-2006 school year failed to adequately address his needs. The administrative law judge ("ALJ") agreed and issued an order calling upon Audubon to improve L.J.'s IEP.

On November 8, 2006, L.J. filed a complaint in the Eastern District of Pennsylvania to recover attorney's fees for the legal services provided in the

2

administrative litigation. In response, Audubon challenged L.J.'s fee petition and filed a counterclaim challenging the ALJ's decision. The District Court denied Audubon's counterclaim on September 10, 2008, after what it deemed "unnecessarily protracted and contentious" litigation, including "the unproductive acrimony displayed by counsel on both sides." (App. at A8.) Before ruling on the pending petition for attorney's fees, the District Court ordered Epstein to "submit to the Court for in camera inspection copies of all billing statements from the last six months in which he has charged a fee-paying client at the rate of $400 per hour . . . ." (App. at A14.) Epstein indicated that he had no such records. In a subsequent order, the District Court offered to hold an evidentiary hearing to determine the "reasonable market rate" for Epstein's services, but both parties declined the invitation.

Accordingly, the only evidentiary support submitted in favor of Epstein's requested hourly rate of $400 were the affidavits of John McGahren, a Newark-based environmental law practitioner, who bills at $575 per hour, and Mr. McAndrews,[1] a Philadelphia-based education law practitioner with twenty-nine years of experience, who bills at $375 per hour. The District Court found that neither affidavit supported a finding that a reasonable billing rate for Epstein in the south New Jersey market is $400. The

---

[1]Attorney McAndrews' first name is not given in the District Court's opinion, and copies of the affidavits were not provided in the record. In assessing the similarity of attorneys Epstein, McAndrews, and McGahren to determine whether the District Court abused its discretion, we are limited to the credentials articulated in the District Court's opinion.

district court granted L.J.'s motion for attorney's fees but at the significantly decreased hourly rate of $250 per hour and for only 177.2 of the 235.8 hours requested.

L.J. appeals only the District Court's determination of Epstein's hourly rate.

## II.   Jurisdiction and Standard of Review

We exercise jurisdiction under 28 U.S.C. § 1291 over a final decision of a district court. The amount of attorney's fees and an attorney's hourly billing rate are factual findings by a district court which will be disturbed only if clearly erroneous. Interfaith Cmty. Org. v. Honeywell Int'l, 426 F.3d 694, 709 (3d Cir. 2005). The question of whether a district court applied the correct legal standard to determine the amount of the fee award is, however, a legal question subject to plenary review. Lanni v. New Jersey, 259 F.3d 146, 148 (3d Cir. 2001); Jama v. Esmor Corr. Servs., Inc. 577 F.3d 169, 173 (3d Cir. 2009).

## III.   Discussion

In an attorney's fee award, the proper hourly fee rate is determined by the community market rate rule. To wit, a reasonable hourly rate should be determined by examination of the prevailing market rates in the relevant community at the time of the fee petition, not the time the legal services were performed. Lanni, 259 F.3d at 149. A court should assess the skill and experience of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Rode v. Dellarciprete,

4

892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking to recover attorney's fees has the initial burden of "producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." Lanni, 259 F.3d at 149. If the burden is met, the party opposing the fee award can rebut the reasonableness of the proffered hourly rate with record evidence. Smith v. Philadelphia Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997). If hourly rates are disputed, the court must conduct a hearing to determine the reasonable market rates. Id. A district court may not set attorney's fees based upon "a generalized sense of what is usual and proper, but 'must rely upon the record.'" Evans v. Port Auth., 273 F.3d 346, 362 (3d Cir. 2001) (quoting Smith, 107 F.3d at 225).

Here, the District Court first found that L.J. failed to meet his burden of demonstrating that Epstein's asserted hourly fee is a reasonable market rate. In doing so, it demonstrated that it used the proper standard—that a reasonable market rate is determined by assessing the rates of attorneys of similar skill, working with similarly complex cases, in the local market. The District Court found that the submitted affidavits were insufficient to determine the market rate because the affiants were not comparable to Epstein. The District Court found that John McGahren's affidavit was inapposite because McGahren practices environmental litigation, a significantly more complex area of the law, and therefore reasonably commands a higher fee than Epstein could expect to command. The District Court then found that Mr. McAndrews's affidavit actually

5

weighed against the requested hourly rate. McAndrews commands a rate $25 *lower* than Epstein's requested rate though he has nearly a decade more experience and practices in a more metropolitan area. Based on these findings, the District Court reasoned that the record did not suffice to make out a prima facie case in favor of the requested $400 hourly rate. Moreover, the District Court attempted to remedy this shortcoming by collecting more record evidence and holding an evidentiary hearing, but both offers were declined. Considering the above facts, the District Court's determination that L.J. failed to produce sufficient evidence to establish that $400 is a reasonable hourly rate for the work performed by Epstein in this case was not clearly erroneous[2].

Once a district court finds that the prevailing party has failed to sustain its burden with respect to a reasonable market rate, it must use its discretion to determine the market rate. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1036 (3d Cir. 1996) ("In the absence of such a showing, the district court must exercise its

---

[2]In a footnote, the District Court stated that "even if Mr. Epstein had sustained his burden of showing that $400 was a reasonable hourly rate, that rate would not apply to the majority of the billings in this action" because "the majority of the hours he billed in this matter" occurred at his prior rate of $300. (App. at A29 n.11.) To the extent the District Court relied on the market rate during the period in which the majority of the billing occurred rather than the "current market rate" at the time of the fee petition, this was error. Lanni, 259 F.3d at 149-50. Yet, because the District Court did not appear to base its actual finding on that notion, merely suggesting it in the alternative, we find such error to be harmless. See Zolfo, Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 260-61 (3d Cir. 1995) (using harmless error analysis to determine that bankruptcy court's initial error in determining proper market did not warrant reversal); Davis v. Se. Pa. Transp. Auth., 924 F.2d 51, 55-56 (3d Cir. 1991) (applying harmless error analysis to "district court's failure to grant larger fees").

discretion in fixing a reasonable hourly rate."); <u>Loughner v. Univ. of Pittsburgh</u>, 260 F.3d 173, 180 (3d Cir. 2001) ("Having rejected the prevailing party's evidence of rates, the District Court was free to affix an adjusted rate."). As stated above, a district court should not determine the hourly rate "based upon a generalized sense of what is customary or proper, but rather must rely upon the record." <u>Hurley v. Atlantic City Police Dep't</u>, 174 F.3d 95, 131-32 (3d Cir. 1999).

It bears repeating that, in this case, the parties failed, despite specific requests, to supplement the record with evidence of a reasonable market rate for Epstein's services. After finding that the evidence on the record did not support an hourly rate of $400, but instead supported a rate significantly under $375, the District Court turned to recent cases within its geographical area to determine the prevailing market rate. In order to approximate cases of the same complexity, the District Court relied upon cases where the attorney had won an IDEA claim at the administrative level and filed a claim in federal court for attorney's fees[3]. The District Court articulated its reasoning for awarding a number less than Epstein had been awarded in the past: his skill, experience, and performance in the litigation before the District Court was unprofessional and

---

[3]As the amici note, the District Court was not restricted to rely solely on IDEA or education law cases. We do not read the District Court's opinion to indicate that it relied upon other IDEA cases as a proxy for cases of similar complexity. Rather, the facts of those cases indicate they were relatively similar in terms of complexity in addition to all being in the same area of law. It was certainly within the District Court's discretion to pick the three cases it did as being the most similar in terms of geographic area, experience of the attorney, and complexity.

contentious. In the District Court's view, this unprofessionalism also warranted a rate at the low end of what had been recently commanded for cases of similar complexity. This was a reasonable determination. The District Court's use of the proper factors in determining that L.J. did not meet his prima facie case indicates that the District Court used these same factors to fix a proper market rate in the absence of a factual record, though they may not have been articulated as clearly. The District Court properly exercised its discretion to set a reasonable hourly rate in light of the barren record. We cannot say that the finding of $250 is clearly erroneous.

## IV. Conclusion

It appearing that the District Court used the proper legal standard and made a reasonable determination of the market rate for an attorney of Epstein's skill and experience in light of the minimal evidence on record in this case, the decision will be affirmed.