OPINION OF THE COURT
ROSENN, Circuit Judge.
This appeal raises a troublesome and recurring problem pertaining to the award of attorneys’ fees and costs to a prevailing party under a federal statute and the duty of a district court in dealing with the prevailing party’s petition for fees. Catherine M. Loughner (“Loughner”) brought an action under, inter alia, the Fair Labor Standards Act (“FLSA”), against The University of Pittsburgh (“University”) and the Presbyterian University Hospital (“Hospital”),[1] for payment of unpaid wages and overtime compensation due her on the termination of her employment. Specifically, she claimed $3,169.28 in “base pay” unpaid wages and $25,218.06 in overtime pay pursuant to federal and Pennsylvania law. On the eve of trial the parties, stipulating that Loughner was the prevailing party, settled all claims, including overtime wages, liquidated damages, and interest, for $27,000.
The District Court granted Loughner’s counsel almost all of the hours and costs requested in his petitions, but at a lower hourly rate. In all, the Court reduced the amount of $118,725.00 claimed for attorneys’ fees and awarded Loughner’s counsel $88,655 in fees and $2,875.56 in costs. The Defendants timely appealed. We vacate the award and remand.
I.
Loughner brought an action against the Defendants under the Fair Labor Stan *176 dards Act, the Pennsylvania Wage Payment and Collection Law, and the Pennsylvania Minimum Wage Act of 1968, for failure to pay her overtime wages. In a complaint replete with averments of, inter alia, racial discrimination, Loughner claimed only that she was entitled to certain base pay and overtime pay under an employment contract and under state and federal wage and hour laws. On the day before trial, December 6, 1999, the parties settled.
Loughner’s counsel, Michael E. Hoover (“Hoover”), filed a petition for attorneys’ fees and costs, along with an affidavit concerning the reasonableness of the hours and hourly rate claimed. Hoover sought 474.9 hours at $250 per hour for his time, 2.2 hours at $60 per hour for a paralegal, and $2,782.74 in costs. Hoover performed all of the attorney’s work on this case himself. He provided no separate cost assignment for his administrative, paralegal, and non-legal roles, instead charging a maximum rate for all of his tasks.
The Hospital opposed Hoover’s petition. The Hospital contended that Hoover presented no objective, admissible evidence of the prevailing market rate in the Pittsburgh, Pennsylvania area for work of a similar type. The Hospital also argued that Hoover failed to assign different hourly rates to various tasks he performed personally, from administrative to legal. The Hospital also complained about the excessive number of hours claimed in this relatively simple “wage and hour” case. Concerning costs, the Hospital complained that Hoover neither supplied an explanation as to why they were incurred, nor supplied supporting documentation.
Hoover, requesting an additional $3,300 in fees and $46.82 in costs, supplemented the petition without leave of court. Later, again without leave of court, Hoover filed affidavits from three attorneys[2] who attested to the reasonableness of the $250 hourly rate and the number of hours expended in Loughner’s action. Hoover also sought to discover the number of hours expended and hourly rates charged by defense counsel.
The Hospital moved to strike the supplemental affidavits, but the District Court denied the motion. On February 11, 2000, the District Court held a hearing at which it allowed Hoover to serve interrogatories on the Hospital concerning the hours expended in defending the action. The Hospital stated at the hearing that it did not keep separate records for the defense of this action because it accounted for and billed together the defense of all three of Loughner’s actions.[3] The District Court acknowledged that this was defense counsel’s position, and that Hoover could expect no answer to the interrogatories. See Appx. 219-220 (“Then say that. If you don’t have separate billings just — ... tell him that.”).
After serving defense counsel with interrogatories, Hoover moved for sanctions for defense counsel’s failure to respond. Defense counsel reiterated that it did not possess separate records, and was unable to answer Loughner’s interrogatories. The District Court later denied the motion for sanctions.
Hoover filed a second supplement to the fee petition, requesting an additional $4,625 in fees and $46 in costs for time spent preparing the supplemental fee peti *177 tions, in obtaining affidavits from local attorneys concerning rates charged for similar actions, and in attending hearings. The Hospital opposed the second supplement for the same reasons asserted earlier, including that the hours and hourly rates were excessive.
On April 14, 2000, the District Court granted Hoover’s petitions, including an aggregate of 506.6 hours of attorney’s time claimed, but the Court disallowed the paralegal time and reduced the hourly rate to $175 per hour. The Court ordered the Defendants to pay $88,655 in fees and $2,875.56 in costs. The extent of the District Court’s evaluation on the record was the brief statement that:
I’ll accept the number of hours you claim since[the Defendants are] not able to come up with their own number of hours to say, for instance, they spent only half as many hours.
I’ve never had anybody ask for the number of hours a Defendant has spent; but if you can’t come up even with a ballpark figure and say we only spent half as many hours as he spent, I have to suggest that — rather, infer that the Defendant spent a lot of hours also; and I’m inclined to accept the number of hours claimed by the Plaintiff, that’s all, and I’ll decide the matter.
There is no evidence that the District Court evaluated further the number of hours awarded. In lowering the hourly rate from $250 per hour to $175 per hour, the Court reasoned that “the practice of employment discrimination law ... is much more complex than a wage and overtime case.” The Court also noted that Hoover “has not attempted to adjust his hourly rate depending on the type of work he was performing.” The Court was “satisfied that plaintiff ... adequately set forth the costs incurred in prosecuting this action.”
Loughner appealed concerning the hourly rate reduction; Defendants appealed concerning the number of hours and costs awarded.
II.
The District Court had federal question jurisdiction. See 28 U.S.C. § 1331. The District Court’s entry of an order directing payment of attorneys’ fees and costs is a final order. We have appellate jurisdiction of the timely notices of appeal. See 28 U.S.C. § 1291.
We review de novo the standards and procedures applied by the District Court in determining attorneys’ fees, as it is a purely legal question. See Smith v. Philadelphia Housing Auth., 107 F.3d 223, 225 (3d Cir.1997). However, the reasonableness of an award of attorneys’ fees is reviewed for abuse of discretion. See Washington v. Philadelphia County Ct. of Common Pleas, 89 F.3d 1031, 1034-35 (3d Cir.1996). The District Court’s findings of fact are subject to “clearly erroneous” review. See id. at 1039. A fee award “is within the district court’s discretion so long as it employs correct standards and procedures and makes findings of fact not clearly erroneous.” Pennsylvania Environ. Def. v. Canon-McMillan, 152 F.3d 228, 232 (3d Cir.1998) (internal quotation omitted).
The award of attorneys’ fees in this case is authorized under the Fair Labor Standards Act, which provides “a reasonable attorney’s fee to be paid by the Defendant, and costs of the action” to a prevailing plaintiff. See 29 U.S.C. § 216(b). In cases like this, we use the “lodestar” formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Pennsylvania v. Dela *178 ware Valley Citizens’ Council for Clean Air, 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); Pennsylvania Environ. Def., 152 F.3d at 232. “When the applicant for a fee has carried his burden of showing that the claimed rates and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled.” Delaware Valley Citizens’ Council, 478 U.S. at 564, 106 S.Ct. 3088 (internal quotation omitted).
The District Court must articulate the basis for a fee award. See Pennsylvania Environ. Def., 152 F.3d at 232 (“the district court must ‘provide a concise but clear explanation of its reasons for [a] fee award.’ ”). Even though “a district court’s findings, when adopted verbatim from a party’s proposed findings, do not demand more stringent scrutiny on appeal,” Lansford-Coaldale Joint Water Auth. v. Tonolli Corp., 4 F.3d 1209 (3d Cir.1993), the record must reflect, at least, that the trial court “fully comprehended the factual and legal issues and adequately performed the decision reaching process.” Pennsylvania Environ. Def., 152 F.3d at 233. We have difficulty effectively reviewing a grant of attorneys’ fees for abuse of discretion without findings of fact and a clear explanation of the reasons a District Court granted the fee, especially when, as here, the award is more than triple the amount of both the overtime claimed in the complaint, and the amount for which the plaintiff settled.

A. Time Charged

This court has held that in calculating the hours reasonably expended, the District Court “should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are ‘excessive, redundant, or otherwise unnecessary.’” Public Int. Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir.1995) (internal citation omitted); see also Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir.1990) (“The district court should exclude hours that are not reasonably expended.”). Thus, the District Court has a positive and affirmative function in the fee fixing process, not merely a passive role. It should reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed. See id. The party opposing the fee award has the burden to challenge “by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee.” Dellarciprete, 892 F.2d at 1183. However, “[t]he district court cannot ‘decrease a fee award based on factors not raised at all by the adverse party.’ ” Id.
Defendants argue that the District Court’s failure to conduct any analysis of the claimed number of hours constitutes reversible error to the extent it shifted the burden of proof of the reasonableness of the request from Loughner onto them. Defendants maintain that it was unreasonable for the District Court to accept “wholesale” all of the hours Hoover claimed. See App. Br. at 25. Defendants also argue that the District Court granted Hoover’s request for the inappropriate reason that they were unable to provide a precise allocation of the hours spent defending the action, and that such a rationale would convert the fee award into a sanction. Defendants further argue that Hoover’s request was unreasonable per se when measured against the standards of amount of success and billing judgment. Hoover claims to have expended 506 attor *179 ney hours on a case presenting “narrow” issues which never went to trial. See App. Br. at 30.
Regrettably, the District Court articulated no findings in the record supporting its award. The memorandum accompanying the award order simply states “the court conclude[s] that, based on Defendants’ failure to even attempt to estimate the number of hours and costs expended in defending this action, the court would accept the number of hours claimed by plaintiffs counsel as reasonable.” The Court does not explain how defense counsel’s inability or failure to provide the hours they charged on this case, alone, supports the conclusion that 506 attorney hours is reasonable to settle, without trial, a simple wage and hour case.[4] The District Court had earlier commented that it did not “know ... the relevance of [the amount of time spent by the defense in this case].” Yet the Court based the award solely on the Defendants’ failure to respond to the interrogatories inquiring about the amount of time spent by defense counsel in this case. The District Court performed scant analysis, if any, of the hours in Hoover’s petition. It provides us no findings — not even a comment — on the reasonableness of a claim of over 120 hours for communications between the plaintiff and her lawyer. We have no basis for determining the reasonableness or accuracy of many charges that combine hours for several tasks. The District Court’s draconic explanation offers no basis for review.
Hoover argues that the Defendants failed to raise and support their objections, as was their burden. He argues that the 25-page petition for attorneys’ fees itemized the work performed, dates, and amounts of time; that plaintiff met her burden of production, and that the burden shifted to Defendants to disprove the reasonableness of her petition. No such rigid burden shifting is established in our cases. The Defendants raised substantive objections to the reasonableness of Hoover’s fee petition. The Court, therefore, had an obligation to evaluate the petition in light of the objections, and to explain why it accepted carte blanche the plaintiff’s claim for time expended and rejected the Defendants’ objections.
Hoover makes an emotional appeal that we approve the high number of hours claimed in his petition, alleging that the Defendants were engaged in “trench warfare.” However, the District Court did not make a finding that this otherwise straightforward wage and hour case was complicated by Defendants’ conduct and we see nothing in this record to support one.[5]
Accordingly, we are constrained to conclude that the District Court erred by failing to perform a sufficient analysis of Hoover’s petition in light of Defendants’ objections and the decisions of this Court. Therefore, we will remand for an analysis and findings concerning the reasonableness of the hours claimed in the fee petitions with the supplements thereto.

B. Hourly Rate of Attorney Compensation

Hoover argues on cross-appeal that the District Court inappropriately re- *180 duced the hourly rate claimed. Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. See Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); Dellarciprete, 892 F.2d at 1183. The court “should assess the experience and skill of the prevailing party’s attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.” Dellarciprete, 892 F.2d at 1183. The prevailing party “bears the burden of establishing by way of satisfactory evidence, ‘in addition to [the] attorney’s own affidavits,’ ... that the requested hourly rates meet this standard.” Washington v. Philadelphia Cty. Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir.1996) (citing Blum v. Stenson, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). The starting point in ascertaining a reasonable hourly rate “is the attorney’s usual billing rate, but this is not dispositive.” Public Interest Group, 51 F.3d at 1185.
The District Court held that $250 was excessive based on the type of claims asserted in this action. The Court was not persuaded by the three affidavits submitted by employment discrimination practitioners because it felt that an employment discrimination case is “much more complex than a wage and overtime case.” The District Court also noted that Hoover did not adjust his hourly rate depending on the type of work he performed.[6] Therefore, the District Court awarded a flat $175 hourly rate to all of Hoover’s awarded hours.
Having rejected the prevailing party’s evidence of rates, the District Court was free to affix an adjusted rate. However, the Court did not explain sufficiently how it reached $175 per hour for all hours worked. The Court acknowledged that Hoover performed nearly all of the work on this case by himself, and that Hoover claimed his highest billable rate for all work performed. A claim by a lawyer for maximum rates for telephone calls with a client, legal research, a letter concerning a discovery request, the drafting of a brief, and trial time in court is neither fair nor reasonable. Many of these tasks are effectively performed by administrative assistants, paralegals, or secretaries. As such, to claim the same high reimbursement rate for the wide range of tasks performed is unreasonable. Having prevailed in the litigation is not cause to overwhelm the losing party with unreasonable fees and costs. “Hours that would not generally be billed to one’s own client are not properly billed to an adversary.” Public Interest Group, 51 F.3d at 1188.
We see no error of the District Court in reducing Hoover’s hourly rate. However, it failed to reach a reasonable rate for the separate tasks performed. Determination of the hourly rate for legal services in the applicable marketplace is a finding of fact; it can be reversed if clearly erroneous. See Public Interest Group of N.J. v. Windall, 51 F.3d 1179, 1188 n. 12 (3d Cir.1995). We conclude that on its face, $175 per hour is an unreasonable award for the wide range of tasks performed by Hoover. The District Court should reach a reasoned conclusion as to the prevailing market rate for the type of tasks delineated in Hoover’s petition.

C. Costs

Hoover submitted a detailed breakdown of costs incurred, as well as an Affidavit as to the necessity and reasonableness of the
*181 costs. The Hospital objected to all of the claimed costs for lack of evidence supporting the reasonableness and necessity of the expenses. The extent of the District Court’s analysis on the costs issue was a statement that “[a]fter consideration, the court is satisfied that plaintiff has adequately set forth the costs incurred in prosecuting this action, and, therefore, plaintiff will be awarded costs in the amount of $2,875.56.”
Attorneys’ fees and costs are frequently analyzed together, so the same standards apply to our review of costs as to our review of attorneys’ fees. A fee petition must “be specific enough to allow the district court to determine if the- hours claimed are unreasonable for the work performed.” Washington v. Philadelphia Cty. Ct. of Common Pleas, 89 F.3d 1031, 1037 (3d Cir.1996) (internal citations omitted). In this case, the record contains a one-page statement of costs, and an Affidavit swearing to their accuracy. The one-page statement contains dates and descriptions, but does not include supporting data explaining the relevant purpose of the expenditures. Counsel failed to provide the District Court with any reasonable basis justifying the expenditures in this case. There is no evidence in the record under which we can evaluate whether the District Court abused its discretion in allowing the claim for costs.
III.
The award of the District Court will be vacated, and the case remanded to the District Court for further proceedings consistent with this opinion. Costs taxed against Catherine M. Loughner as appellant/cross-appellee.

. Together, the University and the Hospital will be referred to as "Defendants.”

. These attorneys were all employment discrimination practitioners.

. Loughner filed separate civil rights and retaliation actions against Defendants. These actions are still pending; they were not part of the settlement of this action. Defendants’ counsel represents Defendants in all of Loughner’s actions against them.

. We can infer the District Court meant that if Defendant’s counsel spent many hours on this action defending unreasonable claims, this could constitute evidence that plaintiff’s counsel expended a reasonable time on plaintiff's claims. This is a non sequitur. We are uncertain whether this was the District Court’s rationale, and we are equally uncertain how this premise leads to the conclusion that plaintiff's petition must be reasonable.

. The District Court implied, and we believe, that in general, a wage and overtime case is an uncomplicated cause of action.

. This would have been a valid basis for adjusting the hours claimed as well.