NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2226
_____

DENISE CAREY, and all similarly situated residents
of Wilkes-Barre who reside in the Heights area,

Appellant

v.

CITY OF WILKES-BARRE;
THOMAS M. LEIGHTON, Individually and in his Official Capacity
_____

No. 09-4069
_____

DENISE CAREY

v.

CITY OF WILKES-BARRE;
MAYOR THOMAS M. LEIGHTON, Individually and in his Official Capacity,

Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 3-05-cv-02534 and 3-05-cv-02093)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 6, 2011

Before:  AMBRO and FISHER, *Circuit Judges*, and SÁNCHEZ,[*] *District Judge*.

(Filed:  February 8, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Denise Carey filed two civil rights suits against the City of Wilkes-Barre and its mayor, Thomas M. Leighton (collectively "defendants"), in the United States District Court for the Middle District of Pennsylvania.  Carey filed a First Amendment retaliation claim against the defendants for initiating litigation and seeking attorneys' fees and a substantive due process claim for closing a firehouse.  The District Court dismissed Carey's due process claim but permitted her First Amendment claim to proceed to trial, where a jury found in Carey's favor and awarded damages.  The District Court denied defendants' motions for judgment as a matter of law and for a new trial.  Both parties appealed, and we consolidated the cases.

We find that the District Court's rulings were not in error and will affirm.

_____

[*]The Honorable Juan R. Sánchez, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

2

# I.

We write for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Carey was a vocal opponent of the decision of the City of Wilkes-Barre to close a fire station. She founded the Wilkes-Barre Citizens for Safety group to oppose the decision and filed petitions with the Election Bureau of Luzerne County seeking to amend the City's Home Rule Charter to prevent the closing. The City filed a motion to set aside the petitions and sought attorneys' fees. The Luzerne County Court of Common Pleas granted the motion and awarded fees of $11,056. Carey later appealed the award to the Commonwealth Court of Pennsylvania, which reversed the award of fees.

Carey then filed two civil rights actions against the defendants. She filed a Section 1983 claim alleging First Amendment retaliation. The claim proceeded to trial, and the jury returned a verdict in favor of Carey, awarding her $2,000 in lost wages, $15,000 for emotional distress, and $50,000 in punitive damages. The defendants filed a motion for judgment as a matter of law and a motion seeking a new trial. The District Court denied the motions, and defendants now appeal.

Carey filed a second Section 1983 claim against the defendants alleging a violation of her substantive due process rights. She claimed that the closure of the

firehouse constituted a state-created danger that threatened the residents.  The District

Court granted the defendants' motion to dismiss, and Carey now appeals.[1]

**II.**

We begin with Carey's First Amendment retaliation claim.  The defendants argue

that the District Court erred in: denying their motion for judgment as a matter of law,

instructing the jury as to Carey's First Amendment claim and the timing of events, and

denying defendants' motion for a new trial.

Defendants filed a motion for judgment as a matter of law objecting to the lack of

direct evidence regarding the defendants' motives for assessing fines against Carey.[2]  Our

review of a District Court's denial of a motion for judgment as a matter of law is plenary.

*Trabal v. Wells Fargo Armored Servs. Corp.*, 269 F.3d 243, 249 (3d Cir. 2001).  "More

particularly, a judgment notwithstanding the verdict may be granted under Fed. R. Civ. P.

50(b) only if, as a matter of law, the record is critically deficient of that minimum

quantity of evidence from which a jury might reasonably afford relief."  *Id.* (internal

quotations omitted).  In exercising plenary review, we must not overturn the jury verdict

unless the evidence lacked the minimum quantum of evidence upon which a jury could

reasonably base its verdict.  *See Wittekamp v. Gulf & W., Inc.*, 991 F.2d 1137, 1141 (3d

---

[1] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331.  We have jurisdiction over these appeals pursuant to 28 U.S.C. § 1291.

[2] Carey asks that we consider the timeliness of the defendants' motion for judgment as a matter of law to preserve the issue for appeal.  The defendants' motions were made after the presentation of the evidence and prior to the submission of the issue to a jury, and this issue was properly preserved for appeal.

4

Cir. 1993). The facts must be viewed in the light most favorable to Carey, the non-moving party. *Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 745 (3d Cir. 1990).

A retaliation claim consists of three elements. First, the plaintiff must engage in protected activity. *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005). Second, the protected activity must be a substantial factor motivating the government's retaliatory action. *Id.* Third, the protected activity must be the cause of the retaliation. *Id.* An otherwise legitimate government action may be deemed unconstitutional retaliation. *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997).

The District Court properly denied the defendants' motion for judgment as a matter of law. The record supports a finding that Carey engaged in protected activity. She exercised her First Amendment rights in circulating a petition to protest the closing of the fire station. The record also supports a finding that the petition was a substantial factor in motivating the defendants to seek attorneys' fees.[3] Finally, the temporal proximity between the submission of the petition and the motion seeking attorneys' fees supports a finding of a causal link. *See Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001).

The defendants also object that the District Court improperly denied their motion for judgment as a matter of law as to Carey's claim for punitive damages. Punitive

---

[3] Defendants argue the same action would have been taken regardless of the protected speech because the Pennsylvania Election Code requires objections to petitions be filed within a seven-day period. But the decision to seek attorneys' fees, not the objection to the petitions, was the method of retaliation.

damages may be awarded "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Alexander v. Riga*, 208 F.3d 419, 431 (3d Cir. 2000) (internal quotations omitted). There is sufficient evidence in the record to support an award of punitive damages. The Mayor sought significant sanctions against Carey and publicly accused her of fraudulent and deceptive behavior. This conduct, in addition to other evidence in the record, was sufficient to support the jury's award of punitive damages.

Next, the defendants object to the District Court's jury instructions. They argue that the District Court erred in instructing the jury that Carey's protected speech must be a "motivating factor" and not a "substantial motivating factor" in defendants' alleged retaliatory action. The District Court's instructions complied with the Third Circuit's First Amendment Retaliation Model Jury Instructions and were not in error. Model Civ. Jury Instr. 3d Cir. 7.4 (2008); *see also Curinga v. City of Clairton*, 357 F.3d 305, 310 (3d Cir. 2004).

Defendants also argue that it was improper to instruct the jury to consider the timing of Carey's petitions and the defendants' alleged retaliatory actions because of the seven-day deadline for objections to defective petitions. However, the jury was instructed to consider all of the defendants' actions following the submission of her petition, not simply the filing of objections. The timing of the Mayor's conduct, particularly in filing the motion for attorneys' fees, was indeed relevant, and the District Court properly instructed the jury.

6

Finally, defendants claim that the District Court abused its discretion in failing to grant a new trial. Defendants state that Carey's counsel repeatedly referenced the merits of Carey's arguments for closing the fire station, that the District Court did not allow this strategy, and that hearing these arguments prejudiced the jury. But the record is replete with sustained objections not allowing Carey's counsel to probe the merits of such arguments. The District Court prevented counsel from raising arguments about the closing of the fire station, and the jury was not prejudiced. The District Court properly denied defendants' motion for a new trial.

**III.**

We now turn to Carey's substantive due process claim. Carey claimed in a separate suit that the closure of the fire station violated her substantive due process rights, and the District Court dismissed this action.

The Fourteenth Amendment's Due Process Clause imposes no general, affirmative obligation upon the state to protect its citizens. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989). However, under the state-created danger doctrine, the state assumes responsibility for the safety of a person where its actions create or enhance the risk of danger. *Kneipp v. Tedder*, 95 F.3d 1199, 1208 (3d Cir.1996).

Such a claim consists of four elements. *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006). First, the plaintiff must show that "the harm ultimately caused was foreseeable and fairly direct." *Id*. (internal quotations omitted). Second, the plaintiff

7

must also show that the state acted "with a degree of culpability that shocks the conscience." *Id.* (internal quotations omitted). This requires proof that the state actor disregarded a "known or obvious consequence of his action." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). Third, the plaintiff must be "a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought by the state's actions." *Bright*, 443 F.3d at 281 (internal quotations omitted). Finally, the state actor must have "used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." *Id.*

We will affirm the District Court's dismissal of Carey's substantive due process claim for substantially the same reasons. Carey failed to demonstrate that the closure of the fire station directly injured her in a manner sufficient to meet three of the four elements of a state-created danger claim. The anxiety Carey claims she suffered after the closing of the fire station does not rise to the level of foreseeable and fairly direct harm. Carey also failed to show that a decision made in the ordinary course of business to close a fire station shocks the conscience by deliberately ignoring an obvious danger. Finally, the emotional distress alleged by Carey is not a cognizable harm. Carey failed to state a claim upon which relief can be granted.

## IV.

For the foregoing reasons, we will affirm the District Court as to both appeals.

8