**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 11-2671

—————————

DENISE CAREY,

Appellant

v.

CITY OF WILKES-BARRE;
MAYOR THOMAS M. LEIGHTON,
individually and in his official capacity

—————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-05-cv-02093)
District Judge:  Honorable Sylvia H. Rambo

—————————

Argued March 20, 2012
Before:  RENDELL, FISHER and CHAGARES, *Circuit Judges*.

(Opinion Filed:  August 23, 2012)

Cynthia L. Pollick (Argued)
The Employment Law Firm
363 Laurel Street
Pittston, PA  18640
         *Counsel for Appellant*

Mark W. Bufalino (Argued)
Paula L. Radick
Elliott Greenleaf & Dean
39 Public Square, Suite 1000
Wilkes-Barre, PA  18702

Ingrid S. Cronin
Office of Federal Public Defender
116 North Washington Avenue
Kane Professional Building, Suite 2C
Scranton, PA  18503

John G. Dean
Joel M. Wolff
Elliott Greenleaf & Dean
201 Penn Avenue, Suite 202
Scranton, PA  18503

Joseph Van Jura
Harris & Van Jura
26 Pierce Street
Kingston, PA  18704
     *Counsel for Appellees*

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Plaintiff Denise Carey ("Carey") prevailed in a First Amendment Retaliation claim against the City of Wilkes-Barre and its Mayor (collectively, "Defendants"), and requested attorney's fees and costs.  The District Court granted the request in part, but reduced the hourly rate for Cynthia Pollick, Carey's attorney, from $300 to $225 per hour.  Carey appeals from the judgment reducing Pollick's hourly rate.  For the reasons stated below, we will affirm.

**I.**

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Carey hired Attorney Cynthia L. Pollick ("Pollick") to represent her in a First Amendment Retaliation claim against Defendants. A jury verdict was returned for Carey, and the District Court filed a judgment accordingly. *See Carey v. City of Wilkes-Barre*, No. 3:05-cv-02093-SHR, ECF Nos. 132-34 (M.D. Pa. Nov. 11, 2008). The jury awarded Carey $2,000 in lost wages and $15,000 for emotional distress, as well as $50,000 in punitive damages against the Mayor. Following post-trial motions, Carey filed a motion for attorney's fees and costs.[1]

Carey requested a rate of $300 per hour for the hundreds of hours Pollick spent on the case during six years of litigation. Pollick submitted an affidavit explaining her experience since graduating from law school in 1999. She claimed that her hourly rate of $300 was reasonable for attorneys performing civil rights work in the area, and included as an exhibit a copy of an affidavit submitted in another civil rights case by Attorney

---

[1] Carey's motion was stayed pending Defendants' appeal of the judgment. On February 8, 2011, we issued an opinion and order affirming the District Court's judgment in favor of Carey. *See Carey v. City of Wilkes-Barre*, 410 F. App'x 479 (3d Cir. 2011). Following our affirmance, the District Court lifted the stay on Carey's motion and set a briefing schedule.

3

Barry Dyller, in which he discussed his rates, ranging from $300 to $375 per hour, and stated that he began practicing in 1985.

Defendants objected to Pollick's rate, claiming that it was unreasonable. As evidence, they cited to another civil rights case, which Pollick worked on contemporaneously to Carey's case, wherein the court awarded Pollick $215 per hour. *See Lohman v. Duryea Borough*, No. 3:05-CV-1423 (M.D. Pa. July 30, 2008). They also cited to several court decisions where an attorney was either more experienced than Pollick, *see Lewis v. Smith*, No. 08-3800 (3d Cir. July 28, 2010) (granting rate of $300 per hour), or granted a rate of less than $300 per hour. *See Moore v. Susquehanna Area Reg'l Airport Auth.*, No. 1:02-CV-0535, WL 2430790 (M.D. Pa. DATE 2005); *Svecz v. Commw. of Pa. Dep't of Corr.*, No. 3:98-CV-1177 (M.D. Pa. Nov. 17, 2003).

The District Court denied in part and granted in part Carey's motion for attorney's fees and costs. *See Carey v. City of Wilkes-Barre*, No. 3:05-CV-2093, 2011 WL 1900169 (M.D. Pa. May 19, 2011). The District Court reduced Pollick's hourly rate from $300 to $225, awarding Carey $147,217.50 in attorney's fees and $8,163.63 in costs. *Id.*[2] Carey timely appealed.

---

[2] The District Court also ruled on other aspects of the fee award, which are not relevant here because Carey appeals solely the issue of Pollick's hourly rate.

4

## II.

The District Court had jurisdiction over the case pursuant to 28 U.S.C. § 1331, and had the authority to award attorney's fees under 28 U.S.C. § 1988(b). We have jurisdiction pursuant to 28 U.S.C. § 1291.

"We review de novo the standards and procedures applied by the District Court in determining attorneys' fees, as it is a purely legal question." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001). "However, the reasonableness of an award of attorney's fees is reviewed for abuse of discretion. . . . A fee award 'is within the district court's discretion so long as it employs correct standards and procedures and makes findings of fact not clearly erroneous.'" *Id*. (quoting *Pa. Environ. Def. v. Canon-McMillan*, 152 F.3d 228, 232 (3d Cir.1998)).

## III.

A district court may award "the prevailing party . . . a reasonable attorney's fee" in a Section 1983 case. 42 U.S.C. § 1988(b); *Evans v. Port Auth. of N.Y.*, 273 F.3d 346, 358 (3d Cir. 2001). In so doing, "[a] District Court may not set attorney's fees based on a generalized sense of what is usual and proper but 'must rely upon the record.'" *Id*. at 361 (quoting *Smith v. Philadelphia Housing Authority*, 107 F.3d 223, 226 (3d Cir.1997)).

In order to determine what fee is reasonable, district courts must apply a burden-shifting type of procedure. *See Evans*, 273 F.3d at 361. First, "[t]he plaintiff bears the burden" of establishing the prima facie case by "producing sufficient evidence of what constitutes a reasonable market rate[.]" *Id*. A reasonable market rate is established "with

5

reference to 'the community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity.'" *Id*. at 360-61 (quoting *Student Pub. Interest Research Grp. v. AT & T Bell Labs.*, 842 F.2d 1436, 1450 (3d Cir.1988)). "An attorney's usual billing rate is a good starting point for assessing reasonableness, though it is not dispositive." *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 374 (3d Cir. 2004) (citing *Maldonado v. Houstoun*, 256 F.3d 181, 184-85 (3d Cir. 2001)). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). That evidence often comes in the form of affidavits from other attorneys. *See Evans*, 273 F.3d at 360-61.[3]

Once the plaintiff has established her prima facie case, the defendant may contest the reasonableness of the rate with "appropriate record evidence." *Id*. at 361. If the

---

[3] Factors to consider in calculating a reasonable attorney's fee include:

"(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

*City of Riverside v. Rivera*, 477 U.S. 561, 568 n.3 (1986).

6

defendant "seeks to raise a factual issue--for example, a claim that the fee applicant's billing rate was lower than claimed--he or she must introduce affidavits averring the facts upon which the challenge is based." *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 720 (3d Cir. 1989). Notably, hourly rates that were set for a specific attorney in previous court decisions do not generally constitute record evidence, *Smith*, 107 F.3d at 226, unless those rates were set for the same attorney and for the same type of work over a contemporaneous time period. *See Black Grievance Comm. v. Phila. Elec. Co.*, 802 F.2d 648, 652 (3d Cir. 1986), *vacated on other grounds*, 483 U.S. 1015 (1987).

If the plaintiff fails to meet her prima facie case, the district court has the discretion to determine what award is reasonable. *See Loughner*, 260 F.3d at 180 ("Having rejected the prevailing party's evidence of rates, the District Court was free to affix an adjusted rate."). Otherwise, once the plaintiff has established a prima facie case for the requested hourly rate, the district court does not have the discretion to question or change the rate absent record evidence. *See Washington v. Phila. Cnty. Ct. of Com. Pl.*, 89 F.3d 1031, 1036 (3d Cir. 1996).

Attorney Pollick argues on appeal that the District Court did not use the proper procedure for determining her hourly rate. Essentially, she argues that she established that her hourly rate was reasonable, and that Defendants failed to provide record evidence rebutting the reasonableness of her rate.

We acknowledge that the District Court failed to apply the required burden-shifting analysis. It failed to discuss whether Pollick had met her prima facie case, and it

7

had no need or basis for considering Defendants' rebuttal evidence until Pollick had done so.[4] Its failure to follow appropriate procedures in determining attorney's fees was in error. *See Loughner*, 260 F.3d at 177. Nevertheless, we find that any procedural error was harmless because it is clear that the outcome was unaffected by the District Court's failure to follow the appropriate procedure. *See Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 236-37 (3d Cir. 1997). The District Court explained that the affidavit Pollick provided regarding Dyller's comparable rates actually tended to show that Pollick's rate was too high, because Dyller had at least fifteen years more experience than Pollick. *See Carey*, 2011 WL 1900169, at *2. Thus, the District Court clearly found that Pollick failed to prove that her rates were reasonable, *see id.,* and without doing so, Pollick could not possibly have established her prima facie case.

Turning to the reasonableness of the award, we note that we do not necessarily agree with the District Court's substantive determination that Pollick failed to establish

---

[4] We note, however, that had the District Court found that Pollick sufficiently established her rates as reasonable, the Defendants submitted at least one case that provided valid rebuttal evidence: *Lohman v. Duryea Borough*, No. 3:05-CV-1423 (M.D. Pa. July 30, 2008). *Lohman* was a civil rights case which Pollick worked on contemporaneously with Carey's case where Judge Caputo determined that $215 per hour was a reasonable rate for Pollick, and thus would have provided a factual basis for rebuttal. *See Black Grievance Comm. v. Phila. Elec. Co.*, 802 F.2d 648, 652 (3d Cir. 1986), *vacated on other grounds*, 483 U.S. 1015 (1987).

8

that her rates were reasonable.[5]  However, we "may not upset a trial court's exercise of discretion on the basis of a visceral disagreement with [its] decision." *Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 116 (3d Cir. 1976).  Because reasonable finders of fact could differ as to whether Pollick established that her hourly rate was reasonable, we find no abuse of discretion in the District Court's determination.  *See Silberman v. Bogle*, 683 F.2d 62, 65 (3d Cir. 1982) ("If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." (internal citation and quotation marks omitted)); *P. Mastrippolito & Sons, Inc. v. Joseph*, 692 F.2d 1384, 1387 (3d Cir. 1982) ("[T]he district court judge was particularly qualified to perform the balancing of equities that is an integral part of the proceedings for award of attorney's fees.").

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[5] Especially troubling is the fact that, as Carey pointed out in her reply brief and at oral argument, within months of the finding that Pollick did not deserve $300 per hour, a less-experienced male attorney, who was also practicing civil rights litigation before the United States District Court for the Middle District of Pennsylvania, received an award of $300 per hour.  *See Todd v. Luzerne County Children and Youth Services*, No. 3:04-cv-2637 (M.D. Pa. Aug. 10, 2011).  In *Todd*, the same judge who had reduced Pollick's award to a rate of $215 per hour in *Lohman*, No. 3:05-CV-1423, awarded Kevin L. Orloski his requested rate of $300 per hour for civil rights work, despite the fact that Orloski had fewer years of practice experience than did Pollick.  *See* Affidavit of Kevin L. Orloski, *Todd*, No. 3:04-cv-2637.

9